UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROSS AND GINA MCCAUSLAND, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO.: _____ |
| | § | |
| AMARILLO INDEPENDENT SCHOOL | § | |
| DISTRICT and IMS MARKETING, INC. d/b/a | § | |
| INSURANCE MANAGEMENT  SERVICES | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

The Plaintiffs, Ross and Gina McCausland, ("McCauslands" or "Plaintiffs") by and through undersigned counsel file Plaintiff's Original Complaint against Defendants Amarillo Independent School District, ("AISD") and Insurance Management Services, Inc. ("IMS").  For this Complaint, Plaintiffs show the court as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiffs bring this action to enforce their rights under ERISA as authorized by 29 U.S.C. §1132 (a)(1)(B).

2.      The ERISA statute provides, at 29 U.S.C. §1333, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted by Plaintiffs.

3.      The Plaintiffs have at all times material hereto, been citizens of Amarillo, Texas.

4.      Defendant IMS is a Texas Corporation doing business in Amarillo, Texas. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in the Northern District of Texas.

IMS can be reached for service of process by serving its registered agent, Joe Clark at 817 S. Polk, Amarillo, Texas 79101.

5.      Defendant AISD issued health insurance benefits to Plaintiff Gina McCausland and her dependants, AISD Plan No. S724718 (hereinafter "the Plan") agreeing to pay covered health care costs incurred by Gina McCausland and her dependents, as participant beneficiaries of the Plan.

6.      AISD is the plan sponsor and plan administrator of the Plan, and is charged with fiduciary duties regarding the administration of the Plan. It can be reached by service of process by serving the superintendent of AISD, Rod Schroder at 7200 Interstate 40 West, Amarillo, Texas, 79106-2598.

## NATURE OF ACTION

7.      This is a claim seeking an award of health benefits pursuant to a group health care plan issued to employees of AISD. ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a).  This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132 (a)(1)(B). In addition, Plaintiffs seek equitable relief pursuant to §502(a)(3) of ERISA (29 U.S.C. §1132(a)(3)).

## FACTUAL ALLEGATIONS

8.      In February 2012, Plaintiff's son, Alex McCausland, was determined to have a biliary stricture.  As a result, a biliary stent and drain were placed at the Interventional Radiology department of the Texas Children's Hospital in Houston, Texas. Upon discharge, the Plaintiffs returned to their home in Amarillo, Texas.  At the end of February, Alex developed biliary

output from his drain site and had erythema and tenderness at the site, as well as a fever to 101.5 degrees F.

9.      Alex presented to Texas Tech University Health Sciences Center, ("TTHSC") in Amarillo, Texas on March 1, 2012 with pain to the abdomen, fever, cough and congestion.

10.     As a result of his symptoms, routine tests were performed on Alex for flu, RSV and strep which all came back negative.

11.     Because Alex continued to have a low grade fever and continued tenderness at the stent placement site, Dr. Hertel, in Houston, was consulted by the staff at TTHSC.

12.     Dr. Hertel instructed that Alex be sent immediately to the BSA Hospital emergency room for transportation to the Texas Children's Hospital in Houston.

13.     Dr. Hertel was concerned about the possibility of dislodgement of the drain and possible cholangitis/sepsis.  As a result, Dr. Hertel determined that it was necessary for Alex to be evaluated at the Texas Children's Hospital as soon as possible.

14.     Alex was placed on antibiotics intravenously and because he was located 600 miles away from Houston, Alex was transferred by the Texas Children's Hospital Critical Care "Kangaroo Crew" fixed wing transport team ("air ambulance") on March 1, 2012.

15.     After arriving at the Texas Children's Hospital, he was managed at Texas Children's Hospital which included a cholangiogram and replacement of the biliary drain by the interventional radiologist who had previously placed the drain.

16.     Dr. Hertel opined that the resources to evaluate Alex's biliary structure and drain were not available in Amarillo and because Alex was located so far away from Houston, Alex could have decompensated rapidly.  As a result, it was not safe to transport him by ground ambulance, commercial airplane or personal car.

17.     Dr. Hertel concluded that it was "absolutely imperative" that Alex be transferred to Texas Children's Hospital by fixed wing transport or air ambulance.

18.     On April 25, 2012, IMS denied the claim for benefits to be paid for the Texas Children's Hospital Air Ambulance.  Following that denial, Plaintiffs lodged an appeal with IMS.  The Plaintiffs appeal was denied.

19.     By letter dated October 10, 2012.  Plaintiff filed a second level appeal with IMS. In a letter dated November 30, 2012, IMS denied the request for coverage, alleging that the basis of the denial was that the services were not "medically necessary."

20.     The Plan defines "Medically Necessary" as the following:

*"Medically Necessary" shall mean those services or supplies provided by a Hospital, Physician, or other Provider not excluded under this Plan, to treat or diagnose an illness or injury and which, as determined by the Plan Administrator, are:*
*1. Consistent with the symptoms or diagnoses and is for the Treatment of the Illness or Injury;*
*2. not primarily for the convenience of the Covered Person, his physician or other Provider; and*
*3. The most appropriate standard or level of care and/or services, which accord with good Medical practice, and can be safely provided to the Covered Person.*

*The fact that a Physician may prescribe, recommend, order or approve a service or supply does not, of itself, determine medical necessity.*

21.     The physicians at Texas Childrens Hospital and TTHSC filed letters with IMS asserting that the air ambulance transport was necessary for the care of Alex.

22.     The physicians at Texas Childrens Hospital explained why a fixed wing transport was absolutely imperative. The reasons the physicians provided, included, but were not limited to the following: (1) the possible dislodgement of the drain; (2) possible cholangitis/sepsis; (3) in need of a cholangiogram; and (4) replacement of the biliary drain by the interventional radiologist who had placed the drain.

23.     Despite these reasons given by Alex's treating physician, IMS again denied Plaintiffs' claim for benefits in a letter dated November 30, 2012, alleging this time:

"As the Plan Administrator for the AISD Employee Health Benefit Plan, Insurance Management Services has reviewed your appeal and it has been determined we will be remaining with our original decision. The documentation submitted does not contain any new information or documentation and further review is not warranted. The original decision was based upon the Major Medical Expense Benefits listed in the Health Benefit Plan, under the section that defines the plan language."

### CLAIMS FOR RELIEF

### COUNT 1: WRONGFUL DENIAL OF BENEFITS
### IN VIOLATION OF ERISA §§ 1132(a)(3)

24.     Paragraphs 1-23 are hereby re-alleged , and are incorporated herein by reference.

25.     The health coverage provided under the Plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(1)in the the Plan was established and maintained for the purpose of providing its participants and plan beneficiaries their health insurance coverage.

26.     Plaintiff is a "plan participant" of the employee welfare benefit plan established by IMS, issued to AISD and administered by IMS within the meaning of U.S.C. 1002(7), is that he reasonably expects to become eligible to receive health benefits from the Plan.

27.     Under the terms of the Plan, IMS and AISD are fiduciaries within the meaning of 29 U.S.C. §1002(21)(a) in that they exercise exclusive discretionary authority or discretionary control respecting management of the employee welfare benefit plan and exercise authority or control respecting management or disposition of its assets. Defendant AISD has discretionary authority and responsibility in plan administration and oversight.

28.     Defendants violated the requirements of ERISA, 29 U.S.C. §1104 and §1109 by failing to discharge their fiduciary duties with the care, skill, prudence, and diligence that a prudent person acting in like capacity would use in representing the scope of coverage available under the Plan and making benefit determinations under the Plan.

29.     ERISA 29 U.S.C. §1133 requires that Defendants provide adequate written notice to participants and beneficiaries whose claims have been denied, setting forth specific reason for denial, written in a manner calculated to be understood by the insured, and provide the opportunity for a full and fair review of the decision denying the claim(s).

30.     The Code of Federal Regulations, 29 C.F.R. §2560.503(g), requires that the initial notice of claim denial contain the specific reasons for the denial, specific reference to pertinent plan provisions on which the denial is based, a description of any additional material or information necessary for the claimant to perfect the claim, an explanation of why such material or information is necessary, and appropriate information as to steps to be taken if the participant or beneficiary wishes to submit his or her claim for review. Claims for benefits, such as the ones submitted by Plaintiff, are such claims. 29 U.S.C. §2560.503-1.

31.     IMS' denial letters violated ERISA by failing to provide an adequate explanation for the denial, failing to provide a medical report from the physician who allegedly reviewed the claim and determined the air transportation was not medically necessary, failing to reference specific information in the record supporting denial, failing to describe any additional information or material necessary to perfect the claim, and failing to review information submitted in support of the claim.

32.     Defendants' failure to comply with the ERISA represents significant error of law, is indicative or arbitrary and capricious decision-making, and deprived Plaintiffs of their ability to obtain a full and fair review of IMS's denial.

33.     Defendants violated the requirements of ERISA, 29 U.S.C. §1133 by failing to provide benefits under the Plan to which Plaintiff is eligible, despite Plaintiff's requests.

34.     Defendants violated the requirements of ERISA, 219 U.S.C. §1133 by representing that Plaintiff would receive benefits under the Plan, and then failing to provide those benefits, despite Plaintiff's requests.

35.     Defendants violated the requirements of ERISA, 29 U.S.C. §1104 and 1109 by failing to discharge their fiduciary duties with the care, skill, prudence and diligence that a prudent person acting in a like capacity and familiar with such matters would use in the scope of coverage available under the Plan and making benefit determinations under the Plan.

36.     IMS violated ERISA §1132 (a)(1)(B) by wrongfully denying Plaintiffs' claim for benefits and failing to provide a legitimate explanation substantiating its conclusion that Alex's treatment is excluded under the Plan.  It was plainly arbitrary and capricious to refuse to pay for Alex's treatment. Defendants did not utilize the proper review procedures as required by ERISA in making Plan determinations.

37.     IMS's denial is contrary to the purpose of the Plan, and is not supported by substantial evidence in the record of information pertaining to Plaintiff's claim for benefits.

38.     The amount of fees sought by the Texas Children's Hospital from the Plaintiffs for the air ambulance transport is $28,376.01.

**COUNT 2:**
**PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND COSTS**

39.     Pursuant to 29 U.S.C. §1132(g), Plaintiff seeks an award of his reasonable attorney's fees and costs of court in connection to thier just pursuit of this action against Defendants.

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiffs, move the Court for the following relief:

A.  A declaratory judgement requiring IMS to reimburse Plaintiffs for the expenses they incurred in paying for Alex McCausland's treatment in the amount of $28,376.01, plus interest;

B.  An Order clarifying Alex McCausland's rights to future benefits under the terms of the Plan with respect to benefits for Alex McCausland's treatment, including any follow-up care related to his treatment;

C.  An award of reasonable attorney's fees and costs; and

D.  Such other and further equitable relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ J. Daren Brown
STOCKARD, JOHNSTON & BROWN, P.C.
J. Daren Brown
State Bar No. 24036271
1800 S. Washington, Suite 115
Amarillo, Texas 79102
Tel:  (806) 372-2202
Fax: (806) 379-7799
dbrown@sjblawfirm.com

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

8